IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD D. BLAMEY,

    Plaintiff,                      No. CIV S-10-3470 GEB EFB P

    vs.

A. ALLEN, et al.,

                                    ORDER AND
    Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

       Ronald Blamey, an inmate confined at Folsom State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.**    **Request to Proceed In Forma Pauperis**

       Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 2. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

////

////

## II. Screening Order

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. *Id.* at 1950.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). An individual defendant is not liable on a civil rights claim

unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states a cognizable claim against defendant Allen for violation of plaintiff's constitutional right of access to the courts.

The court finds that plaintiff has failed to state a cognizable claim against defendant Swarthout. Plaintiff alleges that defendant Swarthout is the warden of California State Prison – Solano, and, as such, is "legally responsible for the operation of CSP and for maintaining inmates [sic] First Amendment entitlements." Dckt. No. 1 at 6. Section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Accordingly, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior; the causal link between a supervisor and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). Plaintiff has not alleged that defendant Swarthout personally participated in the alleged withholding of plaintiff's legal mail.

Nor has petitioner stated a cognizable claim against any defendant for violation of the Eighth Amendment. To state a claim under that provision, a complaint must include allegations showing that (1) the prison official deprived plaintiff of the minimal civilized measure of life's necessities and (2) acted with deliberate indifference in doing so. *Toguchi v. Chung*, 391 F.3d

1  1051, 1057 (9th Cir. 2004). Plaintiff's allegations that his legal mail was withheld for six
2  months do not show a deprivation of the minimal civilized measure of life's necessities.
3       Lastly, plaintiff's claim that defendants violated California Code of Regulations, title 15,
4  § 3133 is not cognizable under § 1983, as that statute covers violations of the federal constitution
5  and laws and not state law. *Cornejo v. County of San Diego*, 504 F.3d 853, 855 n.3 (9th Cir.
6  2007).
7       For the foregoing reasons, claims against defendant Swarthout and claims against all
8  defendants for violation of the Eighth Amendment will be dismissed with leave to amend. The
9  undersigned recommends that plaintiff's claims for violation of state law be dismissed without
10 leave to amend. *See Lopez*, 203 F.3d at 1130-31.
11      Plaintiff's claims against Doe defendants will also be dismissed with leave to amend.
12 The use of Doe defendants is disfavored in the Ninth Circuit. *See Gillespie v. Civiletti*, 629 F.2d
13 637, 642 (9th Cir. 1980). Further, unknown persons cannot be served with process until they are
14 identified by their real names. Plaintiff must take steps promptly to discover the full name (i.e.,
15 first and last name) of each Doe defendant and provide that information to the court in an
16 amendment to his pleading that explains what each such person did or failed to do that caused a
17 violation of his constitutional rights. *See Brass v. County of L.A.*, 328 F.3d 1192, 1195-98 (9th
18 Cir. 2003). The court will not investigate the names and identities of unnamed defendants.
19      Plaintiff may proceed forthwith to serve defendant Allen and pursue his claim of denial
20 of access to the courts against only defendant Allen or he may delay serving any defendant and
21 attempt to state a cognizable claim against defendant Swarthout and/or against any defendant for
22 violation of the Eighth Amendment.
23      If plaintiff elects to attempt to amend his complaint, he has 30 days so to do. He is not
24 obligated to amend his complaint. However, if plaintiff elects to proceed forthwith against
25 defendant Allen, against whom he has stated a cognizable claim for relief for denial of access to
26 the courts, then within 30 days he must return materials for service of process enclosed herewith.

In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendant Swarthout and dismissal of plaintiff's claims against all defendants for violation of the Eighth Amendment without prejudice.

Any amended complaint must adhere to the following requirements:

It must be complete in itself without reference to any prior pleading. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

It must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must contain a caption including the name of the court and the names of all parties. Fed. R. Civ. P. 10(a).

Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). Unrelated claims against different defendants must be pursued in multiple lawsuits. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit

5

1  produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation
2  Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file
3  without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605,
4  607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless
5  both commonality and same transaction requirements are satisfied). Plaintiff may not change the
6  nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d
7  at 607 (no "buckshot" complaints).

8  The allegations must be short and plain, simple and direct and describe the relief plaintiff
9  seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v.*
10 *County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). A long, rambling pleading,
11 including many defendants with unexplained, tenuous or implausible connection to the alleged
12 constitutional injury or joining a series of unrelated claims against many defendants very likely
13 will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing
14 plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of
15 these instructions.

16 Plaintiff must sign the complaint. Fed. R. Civ. P. 11(a). By signing an amended
17 complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his
18 allegations and that for violation of this rule the court may impose sanctions sufficient to deter
19 repetition by plaintiff or others. Fed. R. Civ. P. 11.

20 A prisoner may bring no § 1983 action until he has exhausted such administrative
21 remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth*
22 *v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint plaintiff certifies his
23 claims are warranted by existing law, including the law that he exhaust administrative remedies,
24 and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims
25 against defendant Allen.
26 ////

### III. Order & Recommendation

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Plaintiff must pay the statutory filing fee of $350 for this action. All payments shall be collected and paid in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Claims against defendant Swarthout and claims against all defendants for violation of the Eighth Amendment are dismissed with leave to amend. Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obligated to amend his complaint.

4. The allegations in the pleading are sufficient at least to state cognizable claims against defendant Allen for denial of access to the courts. *See* 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the complaint filed November 5, 2010, one USM-285 form and instructions for service of process on defendant Allen. Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and two copies of the November 5, 2010 complaint. The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendant Allen will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure. In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims without prejudice.

5. Failure to comply with this order will result a recommendation that this action be dismissed.

////

////

1 ////

3   Further, it is hereby RECOMMENDED that plaintiff's claims for alleged violations of
4 state law be dismissed without leave to amend.
5   These findings and recommendations are submitted to the United States District Judge
6 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
7 after being served with these findings and recommendations, any party may file written
8 objections with the court and serve a copy on all parties.  Such a document should be captioned
9 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
10 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
11 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
12 Dated:  March 18, 2011.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD D. BLAMEY,

      Plaintiff,                        No. CIV S-10-3470 GEB EFB P

   vs.

A. ALLEN, et al.,

      Defendants.                 NOTICE OF SUBMISSION OF DOCUMENTS

_____/

     In accordance with the court's order filed _____, plaintiff hereby elects to:

     (1) _____ consent to the dismissal of defendant Swarthout and claims for alleged violation of the Eighth Amendment without prejudice, and submits the following documents:

           __1__      completed summons form

           __1__      completed forms USM-285

           __2__      copies of the November 5, 2010 Complaint

**OR**

     (2) _____ delay serving any defendant and files a first amended complaint in an attempt to state cognizable claims against defendant Swarthout and/or against any defendant for violation of the Eighth Amendment.

Dated:

                                                                    Plaintiff