IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD D. BLAMEY,

        Plaintiff,                    No. CIV S-10-3470 GEB EFB P

      vs.

A. ALLEN, et al.,

        Defendants.             FINDINGS AND RECOMMENDATIONS

                               /

       Ronald Blamey, an inmate confined at Folsom State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. Following the court's screening order and plaintiff's consent to the dismissal of other claims and another defendant (Docket Nos. 18, 21, 24, 30), the case proceeds on the sole remaining claim against defendant Allen for denial of access to the courts. Currently before the court is defendant Allen's motion to dismiss the complaint for failure to state a claim. Dckt. No. 32. For the reasons that follow, the undersigned recommends that the motion be granted but that plaintiff be given leave to file an amended complaint.

**I.    Background**

       The following facts are either alleged by plaintiff or contained within judicially-noticeable court records in the federal habeas proceedings that form the basis of plaintiff's claim

////

of denial of access to courts.[1]

Plaintiff was convicted of second degree murder in 2001 and subsequently imprisoned at California State Prison - Solano ("CSP-Solano"). Dckt. No. 1 at 6.[2] Plaintiff sought review of his conviction through direct appeal and habeas petitions in the state courts, all of which were unsuccessful. *Id.* at 6-7. Plaintiff then filed a federal habeas petition, Eastern District Case No. CIV S-04-1256 LKK DAD P, which was denied on the merits on March 14, 2008. *Id.* at 7; *see also* Case No. CIV S-04-1256 LKK DAD P, Findings and Recommendations of October 10, 2007 (Dckt. No. 41) & Order Adopting Findings and Recommendations of March 14, 2008 (Dckt. No. 48). Judge Karlton issued a certificate of appealability shortly thereafter, finding that plaintiff's claims were "debatable among jurists of reason" or "adequate to deserve encouragement to proceed further." Case No. CIV S-04-1256 LKK DAD P, Order Issuing Certificate of Appealability of April 16, 2008 (Dckt. No. 54); Dckt. No. 1 at 7.

Plaintiff's appeal was processed to the U.S. Court of Appeals for the Ninth Circuit and remained pending there until July 6, 2009, when the district court's judgement was affirmed. Dckt. No. 1 at 7; Case No. CIV S-04-1256 LKK DAD P, Dckt. No 57; Ninth Circuit Case No. 08-16013, Dckt. No. 17. That same month, plaintiff sought rehearing. Dckt. No. 1 at 8; Case No. 08-16013, Dckt. No. 20. Plaintiff expected to hear that the court had either denied his request for rehearing or decided to rehear the case. Dckt. No. 1 at 7. In the case of a denial, plaintiff intended to file a petition for writ of certiorari in the U.S. Supreme Court. *Id.*

While the Ninth Circuit considered plaintiff's request for rehearing, plaintiff was transferred from CSP-Solano to Folsom State Prison and "immediately placed on 'lockdown' (new arrival orientation)" for two weeks without access to his property. *Id.* He received his

---

[1] The court takes judicial notice of the proceedings in petitioner's federal habeas petition, both at the district court and appellate court levels, which are not disputed by the parties. Fed. R. Evid. 201(b); *Lee v. City of L.A.*, 250 F.3d 668. 689-90 (9th Cir. 2001).

[2] Page numbers cited herein refer to those assigned by the court's electronic docketing system and not those assigned by the parties.

property on September 1, 2009 and sent a change of address notice to the Ninth Circuit on September 4, 2009.  *Id.* at 7-8.

Also on September 1, 2009, the appellate court denied the petition for rehearing and sent the order so stating to the address it had on file for petitioner at the time at CSP-Solano.  *Id.* at 8; Case No. 08-16013, Dckt. No. 21.  The order denying rehearing did not make it to plaintiff at Folsom until February 23, 2010.  Dckt. No. 1 at 8.  However, the Ninth Circuit's docket reveals that the court's mandate issued on September 9, 2010 and was mailed to plaintiff at Folsom, and plaintiff does not dispute that he received the mandate in a timely fashion.  Case No. 08-16013, Dckt. No. 23; *see also id.*, Dckt. No. 24 (plaintiff's September 19, 2009 request to stay the mandate); Dckt. No. 36, Pl.'s Oppo'n to Def.'s Mot. to Dism. at 2.  The mandate stated, "The judgment of this Court, entered 07/06/09, takes effect this date."  Case No. 08-16013, Dckt. No. 23.  Plaintiff filed a request to stay the mandate pending resolution of his petition for rehearing, but that request was deemed defective, as the mandate had already issued and, allegedly unbeknownst to plaintiff, the request for rehearing had already been denied.  *Id.*, Dckt. No. 24.  It is not clear from the Ninth Circuit docket whether plaintiff was informed that his request to stay the mandate was defective; plaintiff claims that he was not so informed.  Dckt. No. 36 at 2.

Despite having received the mandate of September 9, 2010 informing him that the Court of Appeals' decision to affirm the district court took effect on that date, plaintiff alleges that in late November 2009 he became worried about the lack of communication from the Ninth Circuit regarding "judgment."  Dckt. No. 1 at 8.  The Ninth Circuit's docket reveals that on November 12, 2009, the court received plaintiff's "notice re: send him a copy of ct's order filed 9/1/09."  Case No. 08-16013, Dckt. No. 25.  On November 26, 2009, plaintiff filed an application for an extension of time to file his petition for writ of certiorari from the Ninth Circuit's judgment in the U.S. Supreme Court from November 30, 2009 to January 22, 2010.  U.S. Supreme Court Case No. 09A556 Docket, available at http://www.supremecourt.gov/Search.aspx?FileName=/docketfiles/09a556.htm.  The Court

declined to grant the extension. *Id.*

On December 20, 2009, plaintiff sent a letter to the CSP-Solano mailroom, asking about any legal mail sent to him from September-December 2009. Dckt. No. 1 at 8. Two months later, defendant Allen responded that there was no incoming legal mail for him during that period. *Id.* The very next day, on February 23, 2010, plaintiff received the order denying rehearing, which was postmarked September 1, 2009, addressed to him at CSP-Solano, and bore no postal marks indicating redirection. *Id.*

Plaintiff alleges that defendant Allen withheld the Ninth Circuit's order denying rehearing from the time it was mailed to him on September 1, 2009 until February 23, 2010 and thereby deprived him of his right to access the courts by causing him to be late in seeking U.S. Supreme Court review and, because the Supreme Court declined to give him an extension of time, preventing him from being able to actually file his certiorari petition. *Id.* at 3, 6-8. Plaintiff bases this allegation against defendant Allen specifically on the fact that he "miraculously" received the September 1, 2009 order just one day after he received her response informing him that there was no record of incoming legal mail for him from September-December 2009 at CSP-Solano. *Id.* at 4, 6.

## II.    Rule 12(b)(6) Standard

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; rather, it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (internal quotation marks omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976); *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The court may additionally consider facts established by exhibits attached to the complaint, facts which may be judicially noticed, and matters of public record, including pleadings, orders, and other papers filed with the court. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987); *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

Similarly, the court may disregard allegations contradicted by the complaint's attached exhibits and is not required to accept as true allegations contradicted by judicially noticed facts. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir.1998); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). However, the court's liberal interpretation of a pro se litigant's pleading may not supply essential elements of a claim that are not plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept

unreasonable inferences, or unwarranted deductions of fact. *Sprewell*, 266 F.3d at 988.

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

**III.   Analysis**

Defendant Allen argues that plaintiff's complaint is deficient under Rule 12(b)(6) for two reasons. First, defendant Allen argues that plaintiff has failed to sufficiently allege personal involvement by defendant Allen in the alleged withholding of his mail as is required for liability under § 1983. Second, defendant Allen argues that plaintiff has failed to sufficiently allege facts that the alleged withholding of his mail denied him access to the courts. The undersigned will discuss each argument in turn.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). Thus, to state a viable § 1983 claim, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980)).

The court agrees with defendant Allen that the complaint, as it stands, lacks sufficient facts showing that defendant Allen was personally involved in the alleged withholding of his

mail at CSP-Solano.  The complaint is devoid of facts alleging that defendant Allen herself withheld the mail or had any reason to do so that might support such an inference.  The most one can infer from plaintiff's allegations that he "miraculously" received the mail one day after he received defendant Allen's response to his inquiry is that defendant Allen possibly discovered plaintiff's mail while responding to the inquiry and forwarded it on to him at Folsom.  The facts simply do not support plaintiff's conclusion that defendant Allen was herself responsible for the delay in his receipt of the September 9, 2009 order.  Accordingly, the complaint should be dismissed for failure to state facts sufficient to show that defendant Allen was personally involved in the alleged withholding of plaintiff's mail.

Turning to defendant Allen's second argument in support of dismissal, to state a claim for denial of access to the courts, a plaintiff must allege facts showing: (1) the loss of a nonfrivolous, arguable underlying claim; (2) the official actions frustrating that litigation; and (3) "a remedy that may be awarded s recompense but [is] not otherwise available in some suit yet to be brought."  *Christopher v. Harbury*, 536 U.S. 403, 414-15 (2002).  Defendant Allen argues that plaintiff's complaint does not allege sufficient facts to show that he lost an arguable claim or that her conduct frustrated that claim.

The undersigned concludes that plaintiff has alleged sufficient facts to show that the claims he would have included in his certiorari petition were arguable.  Plaintiff alleges that the district court issued a certificate of appealability as to those claims.  Dckt. No. 1 at 3.  As noted above, in issuing the certificate of appealability, the court found plaintiff's claims arguable.

However, the undersigned agrees with defendant Allen that the complaint does not allege sufficient facts to show that her conduct frustrated his ability to file his certiorari petition for the same reason that plaintiff's facts to do not allege sufficient personal involvement by defendant Allen – the complaint lacks facts showing that defendant Allen did anything at all to keep

////

////

plaintiff from timely receiving the September 1, 2009 order.[3]

## IV.     Conclusion and Recommendation

For the foregoing reasons, it is hereby RECOMMENDED that defendant Allen's motion to dismiss be granted and that plaintiff be given leave to file an amended complaint within 30 days of an order adopting these findings and recommendations curing the defects identified herein.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written

---

[3] Defendant Allen additionally contends that plaintiff's complaint fails to allege facts sufficient to show that, even if she did withhold his mail, such conduct was the proximate cause of his inability to timely file.  This argument may have some merit, but the undersigned will not entertain it at this time for the reasons that follow.

Plaintiff concedes, and the records of the Ninth Circuit for plaintiff's appeal show, that plaintiff received, and responded to, that court's mandate in mid-September 2009.  The mandate unequivocally stated that the court's judgment affirming the district court took effect on September 9, 2009.  Under the applicable rules, the mandate issues seven days after: (1) the time to file a petition for rehearing expires, or (2) entry of an order denying a petition for rehearing. Fed. R. App. P. 41(b); 9th Cir. R. 41-2.  Accordingly, plaintiff's receipt of the mandate should have put him on notice that his request for rehearing had been denied and the time for filing his U.S. Supreme Court petition had begun to run.  *See* U.S. Supreme Ct. R. 13.  Even if plaintiff harbored some confusion about the mandate, as he now claims, his complaint and opposition to the motion to dismiss contain no explanation of why he waited two months from his receipt of the mandate to ask the Ninth Circuit about the status of his rehearing request – two months during which he could have timely filed his certiorari petition in the Supreme Court.

It thus appears that plaintiff's possible failure to pursue his case diligently between mid-September and mid-November 2009 may be an intervening cause breaking the chain of proximate causation between defendant Allen's alleged withholding of the September 1, 2009 order and plaintiff's failure to timely file his certiorari petition on November 30 or December 1, 2009.  *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 837 (9th Cir. 1996) (proximate and intervening cause analysis applies in § 1983 actions and, accordingly, an unforseen and abnormal intervention breaks the chain of causality between a defendant's misconduct and plaintiff's injury).  Because defendant Allen has not provided a clear analysis of whether a plaintiff's lack of diligence in pursuing his legal claim constitutes an intervening cause in a denial-of-access case, however, and because dismissal is warranted due to the complaint's failure to allege facts sufficient to show defendant Allen's personal involvement in the alleged withholding of plaintiff's mail, the undersigned finds that it is unnecessary and would be unwise to determine the proximate cause issue at this time.

1 objections with the court and serve a copy on all parties. Such a document should be captioned
2 "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections
3 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
4 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
5 Dated: October 5, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE